IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MATTHEW AUGUST LeFANDE, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:10-cv-001 (AJT/TRJ) |
| NEADIE L. MOORE,<br>BURTON THOMAS WALKER,<br>LISA DIGIORGIO MCGEE | ) |
| Defendants. | ) |

## **Memorandum Opinion**

This matter is before the Court on the Motion to Dismiss Complaint (Doc. No. 16) filed by Defendants Neadie L. Moore, Burton Thomas Walker, and Lisa Digiorgio McGee (collectively, the "Defendants"). Plaintiff Matthew August LeFande ("Plaintiff") filed a five count Complaint against Defendants, which included both federal claims for alleged constitutional violations pursuant to 28 U.S.C. § 1983 and state law claims for common law and statutory conspiracy. Plaintiff invokes this Court's jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331 and supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367. Upon consideration of the motion, the opposition thereto, the arguments of counsel, and the parties' supplemental briefing, the Court grants the Motion to Dismiss.

### **I. Background and Facts**

On September 21, 2009, by an order of the Circuit Court for Fauquier County ("the Circuit Court Order"), Plaintiff was appointed as a Special Conservator of the Peace for the 20th Judicial Circuit of the Commonwealth of Virginia ("Special Conservator"). The Circuit Court

Order states that "[i]n the performance of duties as [Special Conservator], the Appointee shall utilize a badge . . . depicted in Exhibit A." Exhibit A attached to the Circuit Court Order depicts a badge containing the seal of the Commonwealth of Virginia ("the Seal").[1] Under Va. Code § 19.2-13, the Virginia Department of Criminal Justice Services ("DCJS") needed to process the Circuit Court Order before Plaintiff could begin working as a Special Conservator. Following the issuance of the Circuit Court Order, Defendants, all of whom work for DCJS, refused to process Plaintiff's appointment because they believed Plaintiff was not authorized under Virginia law to wear the Seal while carrying out the duties of Special Conservator. Because of Defendants' objections and refusals to process his appointment, Plaintiff filed this action on January 4, 2010 alleging five counts: (1) deprivation of a liberty interest; (2) deprivation of a property interest based on procedural due process; (3) deprivation of a property interest based on substantive due process; (4) common law civil conspiracy; and (5) conspiracy to injure another in trade, business, or profession in violation of Va. Code § 18.2-499. Following the filing of the Complaint (Doc. No. 1), Defendants processed and effectuated Plaintiff's appointment as Special Conservator and Plaintiff is now entitled to carry out his duties as Special Conservator, although they continued to dispute Plaintiff's right to wear the Seal. For this reason, Plaintiff sought a temporary restraining order and a preliminary injunction enjoining Defendants from pursuing a criminal prosecution against Plaintiff in the event that he wore the Seal while serving as a Special Conservator. By order dated January 19, 2010 (Doc. No. 15), this Court denied Plaintiff's motions for a preliminary injunction and a temporary restraining order because the Plaintiff had not made the required showing that he faced a sufficiently imminent threat of

---

[1] Plaintiff advised the Court during the hearing on January 15, 2010 that he prepared the Circuit Court Order appointing him and authorizing use of the Seal and that it was presented, as permitted, *ex parte* to the Circuit Court for Fauquier County.

criminal prosecution and therefore failed to make a clear showing of irreparable harm. *See The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 345 (4th Cir. 2009); *Boyle v. Landry*, 401 U.S. 77, 81 (1971) ("[T]he normal course of state criminal prosecutions cannot be disrupted or blocked on the basis of charges which . . . amount to nothing more than speculation about the future.").

On January 25, 2010, Defendants filed their motion to dismiss, arguing, *inter alia*, that: (1) Plaintiff's claims are moot as the Circuit Court Order has been processed; (2) even if Plaintiff's claims are not moot, the Court should abstain from deciding this case; and (3) they had the authority to refuse to process the Circuit Court Order if they believed it was illegal.

On April 11, 2010, the Governor of Virginia signed into law an amendment to Va. Code § 19.2-13 (the "Amendment"), which provides that "the special conservator of the peace is authorized to use the Seal of the Commonwealth in a badge or other credential of office as the court may deem appropriate." On April 14, 2010, this Court ordered supplemental briefing based on the Amendment, which the parties filed on April 30, 2010.

## II. STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (internal citations omitted); *see* FED. R. CIV. P. 12(b)(6). In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim for relief that is plausible on its face." *Id.*; *Twombly*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Twombly*, 555 U.S. at 556. For this reason, "[a]

3

pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555. However, "[c]onclusory allegations regarding the legal effect of the facts alleged" need not be accepted. *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995). A complaint is also insufficient if it relies upon "naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal citations omitted). In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. Discussion

#### 1. Mootness

The Defendants' first argument for dismissal is that Plaintiff's entire claim is now moot in light of their entry of his appointment as a Special Conservator and the Amendment. The Plaintiff responds that his rights were violated during the time period during which the Defendants refused to grant him the Special Conservator status, however brief, and that the Defendants continued to deprive him of a property interest insofar as they continued to dispute his right to wear the Seal, thereby chilling his right to do so.

The Amendment does not moot Plaintiff's entire claim. Although his appointment was processed after the filing of this suit, and the Amendment now makes clear that he may wear the Seal without fear of retaliation or prosecution, his claim for damages caused by Defendants' initial refusal remains. In this regard, "[t]here are no de minimus violations of the Constitution." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 36 (2004) (O'Connor, J. *concurring*). *See also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 174 (2000) ("A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to

moot a case."). Even if an injunction is no longer appropriate, civil "penalties may serve, as an alternative to an injunction, to deter future violations and thereby redress the injuries that prompted a citizen suitor to commence litigation." *Id.* Neither the eventual processing of the Circuit Court Order nor the passage of the Amendment has any retroactive effect on Plaintiff's damage claims based on the period that Defendants' refused to process his appointment or contested his right to wear the Seal.

The Amendment, however, *does* moot Plaintiff's claims for declaratory and injunctive relief. Plaintiff concedes in his supplemental briefing that it is no longer necessary for this Court to issue a declaration that Special Conservators can wear the Seal and the Virginia Code now explicitly grants that right. There is also no reason to think that the Plaintiff faces any criminal prosecution for any past activities. For these reasons, the Plaintiff's claims for injunctive and declaratory relief with respect to the Seal are dismissed as moot.

### 2. Burford Abstention

Defendants also argue that the Court should abstain with respect to any remaining damages claim based on the doctrine of "Burford Abstention," first laid out by the Supreme Court in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). The Fourth Circuit has recently elaborated on what is required for *Burford* abstention:

> *Burford* permits abstention when federal adjudication would "unduly intrude" upon "complex state administrative processes" because either: (1) "there are difficult questions of state law . . . whose importance transcends the result in the case then at bar"; or (2) federal review would disrupt "state efforts to establish a coherent policy with respect to a matter of substantial public concern." *New Orleans Pub. Serv., Inc. v. Council of New Orleans* ("*NOPSI*"), 491 U.S. 350 (U.S. 1989) (internal quotation marks omitted). Moreover, the Supreme Court has directed that "*Burford* allows a federal court to dismiss a case only" when presented with these "extraordinary circumstances." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (U.S. 1996). Courts must balance the state and federal interests to determine whether the importance of difficult state law questions or the state interest in uniform regulation *outweighs* the federal interest in adjudicating the

case at bar. *NOPSI*, 491 U.S. at 362. "This balance only rarely favors abstention." *Quackenbush*, 517 U.S. at 728.

*Martin v. Stewart*, 499 F.3d 360, 364 (4th Cir. 2007) (emphasis in original).

Although the Defendants characterize the issues that underlay Plaintiff's damages claim as complex issues that the state courts have not yet addressed, the underlying rationale for *Burford* abstention is not for the federal courts to avoid any complex issues of state law, but to protect a legitimate state interest in controlling, and to eliminate federal interference with, a complex administrative scheme that provides the only state forum in which legal questions pertaining to that scheme can be answered. Here, the regulations in question are relatively simple compared to the regulations concerning oil drilling in *Burford* or gambling in *Martin*. As Virginia's interest in maintaining complete control over the administrative regime at question is only slightly implicated in this Court's addressing Plaintiff's remaining damages claims, that state interest does not outweigh the federal interest in adjudicating this case and the Court will not dismiss Plaintiff's remaining damages claims based on *Burford* abstention.

### 3. Plaintiff's claims for damages and qualified imunity.

Plaintiff also alleges claims for damages based on three federal constitutional claims under Section 1983[2] and two state law conspiracy claims.

---

[2] In his Brief in Opposition (Doc. No. 19), Plaintiff also raises a "class of one" equal protection claim. Because this claim is not raised in the Complaint, the Court declines to consider it separately although it would afford no greater insulation from the qualified immunity the Court finds exists as to Plaintiff's other claims, given its common statutory foundation with those other claims.

### a. The federal constitutional claims (Counts I, II, and III):

In Count I, the Plaintiff claims that Defendants made certain statements that prevented him from acting as a Special Conservator and foreclosed his ability to pursue other employment opportunities,[3] and that Defendants thereby violated his rights under the Fourteenth Amendment to "liberty without due process," based on "arbitrary, vindictive, and malicious reasons" which cannot be justified under law. (Compl. ¶ 25).[4] In Count II, the Plaintiff argues that his Fourteenth Amendment procedural due process rights were violated with respect to his non-tangible property right in wearing the Seal.[5] In Count III, Plaintiff claims that Defendants violated his substantive due process rights by the same conduct.[6]

---

[3] Defendants' alleged statements are that Plaintiff's use of the Seal was a criminal violation and that he defrauded or otherwise misrepresented the law to the Circuit Court in his application for appointment as a special conservator.

[4] There are four elements required to show a constitutional deprivation of the liberty interest:

> (1) the statements regarding the plaintiff constituted a charge of serious character defect, such as dishonesty or immorality; (2) the statements regarding the plaintiff were made in tandem with the plaintiff's termination, demotion, or change in legal status; (3) the charge of serious character defect [was] publicly disclosed and (4) the statements at issue were false. *Martin v. Richmond City Police Dep't*, No. 3:08-cv-849, 2009 U.S. Dist. LEXIS 62294, 23–24 (E.D. Va. 2009) (describing the four elements of a claim for deprivation of liberty). "A false public statement in the course of a discharge or demotion can implicate a constitutionally protected liberty interest if it implies 'the existence of serious character defects such as dishonesty or immorality,' 'that might seriously damage [the plaintiff's] standing and associations in his community' or 'foreclose[ ] his freedom to take advantage of other employment opportunities.'" *Mills v. Steger*, 179 F. Supp. 2d 637, 649 (W.D. Va. 2002) (quoting *Robertson v. Rogers*, 679 F.2d 1090, 1092 (4th Cir. 1982), and *Board of Regents v. Roth*, 408 U.S. 564, 573 (1972)).

[5] To determine whether procedures used were sufficient when the government deprives someone of a property interest, the Court must consider "(1) the private interest to be affected by the action; (2) the risk of erroneous deprivation of that interest through the procedures that were used, and the probable value of added procedures; and (3) the government's interest, including the fiscal and administrative burdens of added procedures." *United States v. Al-Hamdi*, 356 F.3d 564, 575 (4th Cir. 2004) (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

Because Plaintiff's claims are constitutional claims, asserted under Section 1983 against alleged state actors, the Court will first consider whether Defendants are clothed with qualified immunity since qualified immunity shields public officers "from liability for civil damages if their actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).[7]

"Qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Hope*, 536 U.S. at 752 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Public officials must be held "accountable when they exercise power irresponsibly." *Pearson v. Callahan*, 555 U.S. ___, 129 S. Ct. 808 (2009). However, qualified immunity protects "mere mistakes in judgment, whether the mistake is one of fact or one of law." *Id.* (quoting *Butz v. Economou*, 438 U.S. 478, 507 (1978)). Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation. The privilege is an immunity from suit rather than a mere defense to liability." *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (internal quotations and citations omitted) (overturned on other grounds in *Pearson v. Callahan*, 555 U.S. ___, 129 S. Ct. 808

---

[6] To state a claim for a violation of substantive due process, Plaintiff must demonstrate (1) that he had a property interest; (2) that the state deprived him of his property interest; and (3) "that the state's action falls so far beyond the outer limits of legitimate governmental authority that no process could cure the deficiency." *Sunrise Corp., v. City of Myrtle Beach*, 420 F.3d 322, 328 (4th Cir. 2005) (quoting *Sylvia Dev. Corp. v. Calvert County*, 48 F.3d 810, 827 (4th Cir. 1995)).

[7] The Supreme Court in *Saucier v. Katz*, 533 U.S. 194 (2001), ruled that courts must determine whether a substantive right was violated before determining whether defendants had qualified immunity. This decision was overturned in *Pearson v. Callahan*, 555 U.S. ___ , 129 S. Ct. 808 (2009), in which the Court ruled that it is not necessary for a court to determine first whether any right was violated before ruling on qualified immunity. In this case, in light of the Amendment and the unlikely possibility that Plaintiff's claim will again present itself within a constitutional context, the Court sees no reason to determine whether Plaintiff suffered a constitutional deprivation before determining whether Defendants enjoy qualified immunity.

(2009)). For this reason, these issues should be decided at a preliminary stage and as a matter of law when there are no material factual disputes. The Court must therefore determine whether Plaintiff's constitutional claims on the basis of which he seeks damages are "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (U.S. 1982).

In considering whether there existed a "clearly established statutory or constitutional right," the Court has considered (1) whether procedurally Defendants had any discretion with respect to the processing of Plaintiff's appointment under the Circuit Court Order, which they thought illegally authorized the wearing of the Seal, and (2) whether Plaintiff had the unqualified, vested right to wear the Seal, based on the statutes and relevant regulations,[8] as well as the current state of the law with respect to liberty and property interests, procedural due process, and substantive due process under the Fourteenth Amendment. The Court has also considered that as of the time of the events involved in this case there were no reported judicial decisions that considered the statutes and regulations at issue with respect to claims that were the same or similar to those raised by the Plaintiff. Based on all of the above considerations, the Court finds and concludes that Plaintiff did not have a clearly established statutory or constitutional right, of which a reasonable person would have known, to wear the Seal as a Special Conservator or to have his Circuit Court Order appointment ministerially processed by Defendants without consideration of Plaintiff's claimed right or within a time period

---

[8] Va. Code §§ 19.2-13, 19.2-786; VA. ADMIN CODE § 20-230-30(I); DCJS regulation 20-230-330(C). Before the Amendment, no law enforcement positions defined by statute, including those of a Special Conservator, contained language that affirmatively grants the position the right to wear the Seal.

sooner than it was in fact processed. Significant in this regard is the unique status of the Special Conservator position with its conditional arrest powers as compared to other officers of the state, the lack of any dispositive judicial declarations, and the Amendment, which the Virginia General Assembly and Governor found necessary in light of the existing statutory and administrative scheme. For these reasons, the Court concludes that Defendants are entitled to qualified immunity with respect to Plaintiff's damages claims set forth in Counts I, II, and II, and those counts will be dismissed.

### b. Common Law and Statutory Conspiracy (Counts IV and V)

Plaintiff alleges two counts of civil conspiracy pursuant to the Virginia business conspiracy statute, Va. Code § 18.2-499 and the common law. As the Court has dismissed all of Plaintiff's federal claims, it can continue to assert jurisdiction over the state law conspiracy claims only through the exercise of its supplemental jurisdiction under 28 U.S.C. § 1367. The Court declines to exercise its supplemental jurisdiction over these state law claims, pursuant to 28 U.S.C. § 1367(c)(3), and Counts IV and V will be dismissed without prejudice.

### Conclusion

For the above reasons, Defendants' Motion to Dismiss Complaint (Doc. No. 16) is GRANTED. An appropriate order will issue.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
May 26, 2010